Case 08-09055 Filed 11/24/08 Doc 55

2008-09055
FILED
November 24, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0001522814

5 Pages

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
MEGAN A. LEWIS (SBN 221263)
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA 95814

Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Debtor
UNIQUE DEPENDABLE INSURANCE SERVICES, INC.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

| | |
|---|---|
| In Re:<br><br>UNIQUE DEPENDABLE INSURANCE SERVICES, INC.,<br><br>Debtor, | Case No. 08-90779 |
| UNIQUE DEPENDABLE INSURANCE SERVICES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BROOKE CREDIT CORPORATION, aka ALERITAS CAPITAL,<br><br>Defendant. | Adversary Case No. 08-09055<br><br>**WFH-12**<br><br>Date: November 19, 2008<br>Time: 10:00 a.m.<br>Dept: D (Sacramento)<br>Judge: Robert S. Bardwil |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court having held a hearing on the Debtor's Motion for Summary Judgment on November 19, 2008; appearances having been made by Daniel L. Egan, Wilke, Fleury, Hoffelt, Gould & Birney, LLP; the Court having reviewed the pleadings and papers on file, and good cause appearing, the Court makes the following findings of fact and conclusions of law;

RECEIVED
November 21, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001522814

# I.
# FINDINGS OF FACT

A. **First Cause of Action**

1. On or after April 28, 2006, Alan Cheney purchased the stock of Unique Dependable Insurance Services, Inc. ("Plaintiff" or "Unique") from Defendant Brooke Franchise Corporation (later known as Brooke Capital Corporation.)

2. In the transaction, Unique executed a promissory note (the "Promissory Note") in favor of Aleritas in the approximate amount of $3,000,000.

3. In connection with the transaction, Unique executed a security agreement (the "Security Agreement") granting Aleritas a lien on all of Unique's assets to secure payment of the Promissory Note.

4. Plaintiff Unique received no consideration in exchange for incurring the obligations set forth in the Promissory Note.

5. Plaintiff received no consideration in exchange for granting the liens created by the Security Agreement.

6. Plaintiff received no consideration in exchange for incurring obligations or granting liens pursuant to any other documents executed in connection with the transaction described in the Promissory Note and Security Agreement.

7. At all times during and after entering into the transaction described in the Promissory Note and Security Agreement, the fair market value of Unique's liabilities exceeded that of its assets.

8. The fair market value of Unique's assets was not more than $1,050,000 on or around April 28, 2006.

9. The fair market value of Cheney & Associates Insurance Services, Inc.'s ("ACA Lodi") assets at the time of the April 2006 transaction was not more than $126,334.

10. The fair market value of Alan Cheney & Associates Insurance Services – Modesto, Inc.'s ("ACA Modesto") assets at the time of the April 2006 transaction was not more than $252,076.

11. The fair market value of Alan Cheney's assets at the time of the April 2006 transaction was not more than $ 389,500.

12. At the time of the April 2006 transaction, Unique's liabilities were at least $3.0 million.

**B.  Second Cause of Action**

1. On or after April 28, 2006, Alan Cheney purchased the stock of Unique from Brooke Franchise Corporation.

2. In the transaction, Unique executed a promissory note (the "Promissory Note") in favor of Aleritas in the approximate amount of $3,000,000.

3. In connection with the transaction, Unique executed the Security Agreement granting Aleritas a lien on all of Unique's assets to secure payment of the Promissory Note.

4. Plaintiff Unique received no consideration in exchange for incurring the obligations set forth in the Promissory Note.

5. Plaintiff received no consideration in exchange for granting the liens created by the Security Agreement.

6. Plaintiff received no consideration in exchange for incurring obligations or granting liens pursuant to any other documents executed in connection with the transaction described in the Promissory Note and Security Agreement.

7. At all times during and after entering into the transaction described in the Promissory Note and Security Agreement the fair market value of Unique's liabilities exceeded that of its assets.

8. The fair market value of Unique's assets was not more than $1,050,000 on or around April 28, 2006.

9. The fair market value of ACA Lodi's assets at the time of the April 2006 transaction was not more than $126,334.

10. The fair market value of ACA Modesto's assets at the time of the April 2006 transaction was not more than $ 252,076.

11. The fair market value of Alan Cheney's assets at the time of the April 2006

transaction was not more than $ 389,500.

12. At the time of the April 2006 transaction, Unique's liabilities were at least $3.0 million.

## C. Fifth Cause of Action

1. Aleritas was the immediate or mediate recipient of transfers made on account of the Promissory Note in the amount of $831,481.00.

## D. Sixth Cause of Action

Claim No. 1 filed by Aleritas is based solely upon the Promissory Note and Security Agreement.

## II.
## CONCLUSIONS OF LAW

1. When Plaintiff executed the Promissory Note and Security Agreement, it made a transfer without receiving reasonably equivalent value. See, Bay Plastics v. BT Commercial Corp., (In re Bay Plastics), 187 B.R. 315, 329-330 (Bankr. C.D. Cal. 1995)); Pajaro Dunes Rental Agency v. Spitters (In re Pajaro Dunes Rental Agency), 174 B.R. 557, 572 (Bankr. N.D. Cal. 1994.)

2. Plaintiff was insolvent at the time it executed the Promissory Note and Security Agreement. See 11 U.S.C. § 101(32)(A); In re Ohio Corrugating Co., (1988 BC ND Ohio) 91 BR 430; In re Goodman Industries, Inc., (1982 BC DC Mass) 21 BR 512.

3. Plaintiff was engaged in business with unreasonably small capital on or around the time of the transfer.

4. The execution of the Promissory Note and Security Agreement was avoidable under Bankruptcy Code sections 544 and 548.

5. Plaintiff is entitled to recover, pursuant to Section 550 of the Bankruptcy Code, the sum of $831,481, representing transfers made by Plaintiff on account of the Promissory Note and Security Agreement.

6. The Claim of Defendant must be disallowed pursuant 502(d) of the Bankruptcy Code because Defendant has failed to return the avoided transfers described in paragraph 4.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

398025.1

- 4 -

FINDINGS OF FACT AND CONCLUSIONS OF LAW

6. The Claim of Defendant must be disallowed pursuant to Section 502 of the Bankruptcy Code because once the Promissory Note is avoided, there is no basis under applicable law to assert a claim against the Debtor.

Dated: November 24, 2008

_____
Robert S. Bardwil, Judge
United States Bankruptcy Court